UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-234-GCM

| JAMAL FAREED, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | ORDER |
| JERRAD COLLINS, | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on initial review of the Amended Complaint, (Doc. No. 6). Plaintiff is proceeding *in forma pauperis*. (Doc. No. 3).

## I. BACKGROUND

*Pro se* Plaintiff purports to file suit under 42 U.S.C. § 1983, whose present address is in Charlotte, North Carolina,[1] against Defendant Jerrad Collins, Director of Charlotte Men's Shelter Services, in Charlotte. (Doc. No. 6 at 1). Plaintiff claims that the Men's Shelter, at the time of the claim, "ran under North Carolina statutes." (Doc. No. 6 at 2).

Construing the Amended Complaint liberally and accepting the allegations as true, Plaintiff alleges that Defendant violated "housing laws" by "kicking [Plaintiff] out of shelter" for 28 days without a hearing or proof of a violation by Plaintiff, *i.e.*, that he used or possessed illegal drugs on the property. (Doc. No. 6 at 2). Plaintiff claims that his eviction from the shelter subjected him to cruel and inhumane conditions because he had nowhere to stay and had to sleep in the woods. Cold and rain caused him to catch pneumonia and he was treated at the V.A.

---

[1] Plaintiff's address was in Huntersville, North Carolina, when he filed the Complaint. (Doc. No. 1 at 1).

Hospital with antibiotics and cough medication.

Plaintiff seeks damages for each hour of the 28 days when he was barred from the shelter "to deter, rid the evil from again happening." (Doc. No. 6 at 5).

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

To state a claim under § 1983, a plaintiff must allege that she was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). The color of law requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Id. at 50 (internal quotations omitted). In rare cases, the state can "so dominate[] [private] activity as to convert it to state action." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 181 (4th Cir. 2009). To satisfy the state action requirement, a plaintiff must demonstrate that the conduct at issue is "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Conduct is fairly attributable to the state where: (1) it is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible;" and (2) where the party charged with the deprivation is a person who may "fairly be said to be a state actor." Am. Mfrs. Mut. Ins. Co.

v. Sullivan, 526 U.S. 40, 50 (1999). "Without state action, [plaintiff] has no § 1983 claim." Thomas v. Salvation Army Southern Territory, 841 F.3d 632, 637 (4th Cir. 2016) (affirming dismissal pursuant to § 1915(e)(2)(B)(ii) where plaintiff did not allege any facts that even remotely suggested that defendants' actions were attributable to the state).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007). The statement of the claim does not require specific facts; instead, it "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). However, the statement must assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

A *pro se* complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Plaintiff alleges that the Men's Shelter "ran under North Carolina Statutes" and that he was evicted from the Shelter on allegations of drug use or possession without proof of any wrongdoing by Plaintiff. (Doc. No. 6 at 2). Liberally construed, it appears that Plaintiff is alleging that he had a right to receive shelter pursuant to a State statute that, in turn, required due process before that right was terminated, which Defendant Collins violated. See Board of

3

Regents v. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705 (1972) ("To have a property interest in a benefit [that gives rise to a due process right], a person must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."). This claim is minimally sufficient to proceed.

Plaintiff also alleges that his eviction from the Shelter resulted in cruel and inhumane conditions. The Eighth and Fourteenth Amendments apply to cruel and unusual conditions of confinement as a result of a criminal conviction, criminal pretrial detention, or civil commitment. See Ingraham v. Wright, 430 U.S. 651, 664, 97 S. Ct. 1401, 1408–09, 51 L. Ed. 2d 711 (1977) (imprisonment); Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) (pretrial detention); Youngberg v. Romeo, 457 U.S. 307, 102 S.Ct. 2452 (1982) (civil commitment). Plaintiff fails to allege that he belongs to any of these categories and his allegations suggest that he was completely free of any Government fetters when he experience the rainy and cold conditions. To the extent that he attempts to state a claim for cruel and unusual punishment under the Eighth or Fourteenth Amendment, then, such a claim will be dismissed.

**IV.  CONLUSION**

For the reasons stated herein, the Amended Complaint survives initial review on Plaintiff's due process claim, but his claim about cruel and inhumane conditions will be dismissed under § 1915(e)(2)(B)(i)-(ii).

**IT IS, THEREFORE, ORDERED that:**

1. The Amended Complaint survives initial review on Plaintiff's due process claim, but the claim about cruel and inhumane conditions is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

3. The Clerk of Court shall notify the United States Marshal who is directed to

4

attempt to serve Defendant Collins at the address provided on the Amended Complaint, (Doc. No. 6 at 1). All costs of service shall be advanced by the United States. Any recovery in this action will be subject to payment of fees and costs, including service of process fees and the $400.00 filing fee.

Signed: November 21, 2019

Graham C. Mullen
United States District Judge